SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| ANTHONY SPARKS, | NO. |
| --- | --- |
| Plaintiff, | |
| vs. | COMPLAINT FOR UNPAID OVERTIME, MEAL AND REST BREAK TIME |
| TEXTRON, INC., | |
| Defendant. | |

## I. NATURE OF ACTION

1.1 This is a lawsuit for unpaid straight time and overtime compensation and double or liquidated damages pursuant to the Washington Minimum Wage Act (the MWA), RCW 49.46 and RCW 49.52.050; the Fair Labor Standards Act (FLSA), 29 U. S. Code secs. 207 and 216(b); RCW 49.12 and WAC 296-126-092.

## II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction pursuant to RCW 2.08.010 and 29 U. S. C. sec. 216(b).

2.2 Venue properly lies in this Court pursuant to RCW 4.12.025(1) & (3).

COMPLAINT - 1

## III. PARTIES

3.1     Plaintiff Anthony Sparks is a former employee of Textron Specialized Vehicles, a division of Defendant Textron, Inc. He is a citizen of the State of Washington.

3.2     Defendant is a Delaware corporation which, at all times material to this complaint, did business in King County, Washington.

3.3     At all times material defendant has been an employer within the meaning of the MWA; RCW 49.52; RCW 49.12; WAC 296-126-092 and the FLSA.

## IV. FACTS

4.1     Defendant employed plaintiff from January 2016 until June 26, 2017.

4.2     During his employment with defendant, plaintiff worked at defendant's SeaTac Service Center (the "Center") at Seattle-Tacoma International Airport in King County, Washington.

4.3     Defendant hired plaintiff for a Part Sales Coordinator position which defendant classified as an "outside sales" position exempt from the overtime requirements of the MWA and FLSA.

4.4     From January 2016 until plaintiff's termination on June 26, 2017 defendant required plaintiff to perform non-exempt work, including without limitation researching, ordering and obtaining parts for the service technicians at the Center in an amount in excess of 20% of the total hours plaintiff worked each week.

4.5     From March 2016 until June 26, 2017 plaintiff regularly worked in excess of 40 hours per week. Defendant did not compensate plaintiff for his overtime hours at the rate of time and one-half his regular rate of pay.

COMPLAINT - 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

4.6 In January, March and June 2017 plaintiff complained to defendant that he was misclassified as exempt.

4.7 Defendant responded that plaintiff was exempt because he was a salaried employee and offered no other justification for its treatment of plaintiff as exempt.

4.8 Defendant knew or should have known that paying plaintiff a salary, by itself, is not a legally sufficient basis for treating plaintiff as an exempt employee.

4.9 At all times material defendant knew or should have known that it was required to pay plaintiff for overtime hours in excess of 40 hours per week at the rate of time and one-half plaintiff's regular rate of pay.

4.10 Defendant's failure or refusal to pay overtime to plaintiff was willful.

## V. LEGAL CLAIMS

### A. FIRST CAUSE OF ACTION: CLAIM FOR UNPAID OVERTIME AND DOUBLE DAMAGES UNDER THE WASHINGTON MINIMUM WAGE ACT

5.1 Plaintiff incorporates by reference paragraphs 1.1 through 4.10 of the complaint as if fully set forth herein.

5.2 Plaintiff was at all times material an "employee" within the meaning of the Washington Minimum Wage Act, RCW 49.46, and RCW 49.52.

5.3 Defendant violated RCW 49.46.130 by failing to pay overtime at the rate of time and one-half the rate to plaintiff for his overtime hours worked.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

5.4     Pursuant to RCW 49.46.130 plaintiff is entitled to actual damages for the unpaid overtime in an amount equal to one and one-half his regular rate of pay times the unpaid overtime worked.

5.5     Defendant knew or should have known it was required to pay the overtime pay for plaintiff's overtime hours worked. By failing to do so, it willfully deprived plaintiff of wages due him in violation of RCW 49.52.050(2). Therefore, plaintiff is entitled to double damages pursuant to RCW 49.52.050 and .070.

**B.  SECOND CAUSE OF ACTION:  CLAIM FOR UNPAID OVERTIME AND LIQUIDATED DAMAGES PURSUANT TO THE FAIR LABOR STANDARDS ACT**

5.6     Plaintiff incorporates by reference as if fully set out herein paragraphs 11.1 through 5.5 of the complaint.

5.7     Plaintiff was at all times material an "employee," and defendant was at all times material an "employer" within the meaning of the Fair Labor Standards Act, 29 U. S. C. sec. 201 et seq.

5.8     Defendant violated 29 U. S. C. sec. 207 by failing to pay overtime at the rate of time and one-half the rate to plaintiff for his overtime hours worked.

5.9     Plaintiff, pursuant to 29 U. S. C. sec. 216(b), is entitled to actual damages for the unpaid overtime in an amount equal to one and one-half his regular rate times the unpaid time worked, and an additional equal amount as liquidated damages.

**C.  THIRD CAUSE OF ACTION: DAMAGES FOR REST AND MEAL BREAKS NOT PROVIDED**

5.10    Defendant has been at all times material an employer, and plaintiff was at all times material an employee, within the meaning of RCW 49.12 and WAC 296-126-092.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

5.11    Defendant did not provide plaintiff with 30-minute meal breaks or 10-minute rest breaks during plaintiff's employment.

5.12    Plaintiff has been damaged in the amount equal to an additional 30 minutes of pay for every work day of more than five hours in which no meal break was provided, and an additional 10 minutes for every four hours of work in which not rest break was provided.

5.13    Plaintiff is entitled to damages at time and one-half his regular rate for meal or rest breaks not provided in overtime weeks.

## VII.    REQUEST FOR RELIEF

WHEREFORE, plaintiff requests that this Court enter an order awarding him damages as follows:

A.    Pursuant to RCW 49.46.130 and/or 29 U. S. C. sec. 2016(b), damages for unpaid overtime at time and one-half plaintiff's regular rate of pay in an amount to be proven at trial;

B.    Pursuant to RCW 49.52.050 and 070 and/or 29 U. S. C. sec. 216(b), double or liquidated damages for the unpaid overtime;

C.    Damages for rest and/or meal breaks not provided in the form of an award of additional work time, to be paid at overtime rates in overtime weeks and the minimum wage in straight time weeks.

D.    An award of attorney's fees and costs pursuant to RCW 49.48.030, 49.52.070 and/or 29 U. S. C. sec. 216(b);

E.    Prejudgment interest; and

F.    Such other and further relief as the Court deems just and proper.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

DATED this 22nd day of July 2019.

FRANK FREED SUBIT & THOMAS LLP

By: /s/ Steven B. Frank
Steven B. Frank, WSBA #4944
Anne Silver, WSBA # 51695
Attorneys for Plaintiff

COMPLAINT - 6

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711